UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN MALINDRETOS,                                  :
                                                   :   ORDER
                    Plaintiffs,                    :   12-CV-00205 (JFB)(WDW)
                                                   :
        – against –                                :
                                                   :
NST ASSOCIATES, INC. & POUYA                       :
TOOBIAN,                                           :
                                                   :
                    Defendants.                    :
----------------------------------X
JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Wall, recommending that the Court dismiss the instant action, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has failed to appear for various scheduled conferences or to otherwise communicate with the Court. For the reasons set forth below, the Court adopts the R&R in its entirety.

## I. PROCEDURAL HISTORY

The complaint in this action was filed on January 17, 2012. An amended complaint was filed on May 4, 2012. Defendant Pouya Toobian answered the amended complaint on May 18, 2012.

On March 6, 2013, plaintiff's counsel filed a motion to withdraw as attorneys in the case. The Court held a telephone conference regarding that motion on March 11, 2013. At that conference, the Court granted the motion to withdraw and directed plaintiff to file a letter with the Court, within 30 days, indicating whether he intends to proceed in the action *pro se*. On April 10, 2013, plaintiff submitted a letter indicating his desire to represent himself in the action. The case then proceeded to discovery under the direction of Magistrate Judge Wall.

On June 7, 2013, Magistrate Judge Wall directed the parties to appear for a status conference on June 20, 2013. Plaintiff failed to appear for the conference and provided no explanation for his absence. By Order dated June 20, 2013, Magistrate Judge Wall scheduled another status conference for July 18, 2013. The Order advised plaintiff that if he fails to report to the status conference, he

risks a recommendation that his case be dismissed for failure to prosecute. A copy of that Order was mailed, via Fed Ex, to plaintiff. Approximately two weeks before the July 18, 2013 conference, plaintiff left a message on the voicemail of Magistrate Judge Wall's Chambers, requesting that a member of Chambers return his call. Magistrate Judge Wall's law clerk returned plaintiff's call and left a message with the contact information for the Court on plaintiff's voicemail. Plaintiff did not return the call. Moreover, plaintiff failed to appear for the July 18, 2013 conference and, once again, provided no explanation for his absence. By Order dated July 18, 2013, Magistrate Judge Wall indicated that a report recommending dismissal of the case for failure to prosecute and for failure to comply with Court Orders would issue.

On July 18, 2013, Magistrate Judge Wall issued a R&R recommending that the undersigned dismiss the instant action, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R dated July 13, 2013, at 2.) No objections have been filed to date, although the date for filing any objections has expired.

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

2

### III. ANALYSIS

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)).

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives . . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g.*, *Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see also Peart*, 992 F.2d 458, 461

(2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))).

Here, plaintiff failed to appear for two conferences scheduled by the Court. Plaintiff was explicitly warned, by Order dated June 20, 2013, that his failure to so appear would likely result in a recommendation that his case be dismissed for failure to prosecute. Despite this warning, plaintiff failed to appear or to otherwise communicate with the Court. Plaintiff was also notified that a report recommending dismissal for failure to prosecute and to comply with Court Orders would issue, yet plaintiff still failed to communicate with the Court or to object to the R&R that followed. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case with prejudice.

Thus, having conducted a review of the full record and applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety. Even under a *de novo* standard, the Court adopts the R&R in its entirety. Accordingly, this case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety. This case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                SO ORDERED.

                _____
                JOSEPH F. BIANCO
                UNITED STATES DISTRICT JUDGE

Dated:  August 16, 2013
      Central Islip, New York